UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CRYSTAL VISIONS, INC.** an Illinois corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>**EC GROW INC.,** a Wisconsin corporation.<br><br>        Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Crystal Visions, Inc. ("Crystal Visions") brings this declaratory judgement action against Defendant EC Grow Inc. ("EC Grow") and alleges as follows:

**I. NATURE OF THE ACTION**

1. Plaintiff, Crystal Visions, Inc. seeks a declaration that Crystal Visions's use of its LIGHTNING PREMIUM ICE MELTER® trademark, which is protected by U.S. Reg. No. 5,122,976, does not infringe EC Grow's LIGHTNING FAST trademark. This matter is ripe for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*,

2. Despite an abundance of prior and senior users of the noun "lightning," EC Grow sent a cease and desist letter and took the additional step of filing a Petition for Cancellation against Crystal Visions in an attempt to appropriate for itself the exclusive use of the word "lightning" under the guise of trademark protection.

3. The noun "lightning" is universally used in connection with products and services to readily convey to a consumer that a product or service associated with the term will work quickly.

4. Notwithstanding that EC Grow only holds a trademark registration for the unitary term LIGHTNING FAST in connection with chemical compounds used to melt ice and snow, EC Grow has (and continues) to impermissibly misuse its registration to strong arm Crystal Visions to cease its use of its obviously dissimilar LIGHTNING PREMIUM ICE MELTER trademark simply because both marks contain the word "lightning."

5. Long before EC Grow's existence and its alleged first use of "LIGHTNING FAST" in commerce on September 10, 2007, numerous third parties have used the term "lightning" to describe or identify goods and services that are fast acting and EC Grow does not have the right to stop Crystal Visions from continuing to use a mark it has registered with the US Patent and Trademark Office and has been using for the past 6 years.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331. This Court also has subject matter jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1121.

7. This Court has personal jurisdiction over EC Grow because EC Grow regularly conducts business in Illinois including the sale of its products in this District. This Court also has personal jurisdiction over EC Grow pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.*, and such an assertion is in accordance with the Due Process clause of the Fourteenth Amendment of the United States Constitution.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Crystal Visions resides in and are does business in this District, a substantial part of the events giving rise to this action occurred in this District, and EC Grow is doing business in this District and is subject to jurisdiction in this District.

## III. PARTIES

9.  Crystal Visions, Inc. is an Illinois corporation incorporated and existing under the laws of the State of Illinois with a registered address and principal place of business at 125 Schelter Rd, Lincolnshire, Illinois 60069

10. Crystal Visions is a manufacturer and distributor of specialty packaged ice melt products.

11. Defendant EC Grow Inc. is a corporation organized under the laws of the state of Wisconsin with a principal address at 4970 Kane Road, Eau Claire, Wisconsin 54703.

12. EC Grow is a manufacturer and distributor of fertilizer and ice melt products.

## IV. FACTS

### A. Crystal Visions's LIGHTNING PREMIUM ICE MELTER® Mark

13. Crystal Visions has been a manufacturing and distributing specialty packaged ice melt products for over 6 years.

14. Crystal Visions primarily sells its specialty packaged ice melt products to landscape supply companies and large snow removal companies.

15. Crystal Visions's attention to service and quality products has allowed it to become an emerging leader in the ice melt industry.

16. In July of 2011, Crystal Visions began selling an ice melt salt crystal mixture under the LIGHTNING PREMIUM ICE MELTER® mark.

17. Crystal Visions currently uses and has continuously used the LIGHTNING PREMIUM ICE MELTER® mark in connection with anti-freezing and de-icing preparation products in interstate commerce in the U.S. since at least as early as 2011.

18. The LIGHTNING PREMIUM ICE MELTER® packaged ice melt product is depicted below:



19. Crystal Visions has generated substantial goodwill and customer recognition in the LIGHTNING PREMIUM ICE MELTER® mark through more than six (6) years of continuous use.

20. Consumers that purchase goods bearing the LIGHTNING PREMIUM ICE MELTER® mark recognize the LIGHTNING PREMIUM ICE MELTER® mark as an indicator of Crystal Visions's high quality ice melt products.

21. Through this continuous and extensive use, Crystal Visions owns extensive common law rights in the LIGHTNING PREMIUM ICE MELTER mark in connection with anti-freezing and de-icing preparation products.  By virtue of its active and ongoing sales and promotion of goods bearing the LIGHTNING PREMIUM ICE MELTER® mark for more than

6 years, Crystal Visions has generated substantial goodwill and customer recognition in its LIGHTNING PREMIUM ICE MELTER® mark.

### B. Crystal Visions Federally Registered LIGHTNING PREMIUM ICE MELTER® Mark

22. On May 23, 2016, Crystal Visions filed U.S. Application Serial No. 87/046,793 to register the LIGHTNING PREMIUM ICE MELTER® mark in standard character format for "anti-freezing and de-icing preparation" in Class 1 in the United States Patent and Trademark Office ("USPTO"), claiming a date of first use in U.S. commerce at least as early as July 1, 2011 (the "Crystal Visions Application").

23. On Oct. 12, 2016, the USPTO published the Crystal Visions Application. Importantly, the Examiner reviewing the Application did not identify a likelihood of confusion with any of mark registered on the Principal Register.

24. On January 17, 2017, the USPTO issued Registration No. 5,122,976 for the LIGHTNING PREMIUM ICE MELTER® mark (the "LIGHTNING PREMIUM ICE MELTER" Registration").

25. The LIGHTNING PREMIUM ICE MELTER® mark is validly and legally registered on the Principal Register of the USPTO.

26. A copy of the registration certificate for the LIGHTNING PREMIUM ICE MELTER® Registration is attached as **Exhibit A**.

27. Pursuant to 15 U.S.C. § 1057(b), Crystal Visions' federal registration certificate is *prima facie* evidence of the validity of its LIGHTNING PREMIUM ICE MELTER® mark as well as Crystal Visions's ownership and exclusive right to use its LIGHTNING PREMIUM ICE MELTER® mark in connection with the goods identified in the registration certificate.

28. As a result of Crystal Visions's long-standing use, advertising and promotion, and registration of the LIGHTNING PREMIUM ICE MELTER® mark, customers associate the LIGHTNING PREMIUM ICE MELTER® mark with the quality ice melt product offered by Crystal Visions.

### C. EC Grow's LIGHTNING FAST® Mark

29. EC Growth's LIGHTNING FAST packaged ice melt product is depicted below:



30. Upon information and belief, EC Grow sells its LIGHTNING FAST packaged ice melt products primarily to retail stores.

31. On May 31, 2007, EC Grow filed U.S. Application Serial No. 76677637, an intent to use application, for the mark LIGHTNING FAST in connection with "chemical compounds used to melt ice and snow" in Class 1. The application matured into Trademark Reg. No. 3,458,615 on July 1, 2008.

32. A copy of the registration certificate for the LIGHTNING FAST Registration is attached as **Exhibit B** (the "LIGHTNING FAST Registration").

33. The LIGHTNING FAST Registration was registered on the Principal Register prior to the filing of the Crystal Visions Application and the Trademark Examiner, after

conducting a search, did not cite the LIGHTNING FAST Registration in any Office Action against Crystal Visions' Application on the basis of likelihood of confusion or otherwise.

### D. EC Grow's Cease and Desist Letter and Petition to Cancel

34. After over 6 years of peaceful co-existence in the marketplace, Crystal Visions received a cease and desist letter from EC Grow on August 25, 2017. A copy of the letter is attached as **Exhibit C**.

35. The letter demands that "Crystal Visions discontinue its use of the LIGHTNING PREMIUM ICE MELTER® mark in connection with its sale of ice melt products, as it is causing confusion with our sale of ice melt products under our mark LIGHTNING FAST." The letter provides no support for the allegation that there is evidence of actual confusion.

36. The letter also threatens that if Crystal Visions does not discontinue use of its federally registered LIGHTNING PREMIUM ICE MELTER® mark, EC Grow would file a Petition of Cancellation against Crystal Visions.

37. On September 11, 2017, Crystal Visions responded to EC Grow's letter denying the allegations of confusion and offered to discuss the matter with EC Grow. A copy of the letter is attached as **Exhibit D**.

38. Instead of discussing the matter with Crystal Visions, on September 18, 2017, EC Grow filed a Petition for Cancellation of Crystal Visions's Trademark Registration for its LIGHTNING PREMIUM ICE MELTER® mark before the Trademark Trial and Appeal Board ("TTAB") at the USPTO (Cancellation No. 92066893).

39. The Petition for Cancellation alleges a likelihood of confusion with EC Grow's LIGHTNING FAST mark. A copy of the Petition for Cancellation is attached as **Exhibit E**.

40. Despite the representations in EC Grow's letter of August 25, 2017 that there have been instances of actual confusion, the Petition for Cancellation only alleges that there is a *likelihood* of confusion; not any actual confusion.

### E. Third Party Uses of LIGHTNING on the Principal Register

41. There are an abundance of products and services that incorporate the word "lightning" to connote speed associated with a product or service. In fact, when searching for the term "lightning" in the records of the USPTO, it reveals 1842 records! A print out from the US Patent and Trademark Office reflecting the search results is attached as **Exhibit F.**

42. Moreover, at least two other marks for ice melting products also peacefully co-exist on the Principal Register: BLUE LIGHTNING (Reg. No. 3,659,157) for use in connection with "de-icing and snow melting compounds for exterior surfaces" and WHITE LIGHTNING (Registration No. 3,560,850) for use in connection with "chemical preparation for melting snow and ice." Copies of the Certificates of Registration for Registration Nos. 3,560,850 and 3,659,157 are attached as **Exhibit G**. Importantly, the first use date in commerce of the WHITE LIGHTNING mark (November 30, 1993) pre-dates the first use of EC Grow's LIGHTNING FAST mark (September 10, 2007) by nearly 14 years. Importantly, the USPTO did not cite EC Grow's LIGHTNING FAST mark against the later-filed applications for the BLUE LIGHTNING or WHITE LIGHTNING marks on the basis of likelihood of confusion during their prosecution.

43. EC Grow's attempt to appropriate for itself the exclusive use of the word "lightning" under the guise of trademark protection is unlawful and cannot be permitted.

## COUNT I: DECLARATION OF NON-INFRINGEMENT
## 28 U.S.C. §§ 2201, 2202

44. Crystal Visions repeats, realleges, and incorporate by reference the allegations of paragraphs 1 through 43 as though set forth fully herein.

45. EC Grow's cease and desist letter combined with its filling of a Petition for Cancellation against Crystal Visions's trademark registration for the LIGHTNING PREMIUM ICE MELTER® mark has created an actual controversy between the parties.

46. Crystal Visions' use of its registered LIGHTNING PREMIUM ICE MELTER® mark in connection with anti-freezing and de-icing preparation products does not infringe the LIGHTNING FAST trademark.

47. The LIGHTNING PREMIUM ICE MELTER® mark is different in sight, sound, and appearance from the LIGHTNING FAST mark.

48. Moreover, the appearance of the marks in on the packaging displayed to consumers in the marketplace are distinctly different:

 

49. Crystal Visions and EC Grow sell primarily through different channels of trade: Crystal Visions primarily sells its LIGHTNING PREMIUM ICE MELTER® packaged ice melt products to landscape supply companies and large snow removal companies and, upon information and belief, EC Grow sells its LIGHTNING FAST packaged ice melt products primarily to retail stores.

50. The degree of care exercised by the large landscape supply companies and large snow removal companies that Crystal Visions sells its product to are high because the product is purchased in bulk, which makes the product expensive to purchase. Moreover, these buyers are highly sophisticated and heavily scrutinize the ice melting products they use. Moreover, retailers that purchase ice melting products are also purchasing the product in bulk, which makes the cost of the purchase expensive. Moreover, the buyers at large retail stores that purchase ice melting products are sophisticated because they are experts in their buying category.

51. The LIGHTNING FAST mark is weak. There are at least three other marks that use the word LIGHTNING in connection with ice melt products that co-exist on the Principal Register and over a thousand listings on the USPTO website for marks that incorporate the word "lightning" to connote the speed associated with a particular product or service.

52. The LIGHTNING PREMIUM ICE MELTER® packaged ice melt product is a different product from EC Grow's LIGHTNING FAST packaged ice melt products because the melt strengths are noticeably different and geared to different customer. EC Grow's product is primarily for the consumer household market at -12 F and Crystal Visions's product is for snow removal companies, which requires commercial strength product, at -20 F.

53. Despite the fact that EC Grow and Crystal Visions have been selling their respective products in the marketplace for over 6 years, Crystal Visions is not aware of **any** instances of actual confusion among consumers.

54. Crystal Visions had no intent to palm off its LIGHTNING PREMIUM ICE MELTER® packaged ice melt products as EC Grow's LIGHTNING FAST product. In fact, Crystal Visions was not even aware of EC Grow's LIGHTNING FAST product when it adopted the LIGHTNING PREMIUM ICE MELTER® mark.

55. An actual, present, and justiciable controversy has arisen between Crystal Visions and EC Grow due to EC Grow's cease and desist letter and its Petition for Cancellation of the LIGHTNING PREMIUM ICE MELTER® mark, Reg. No. 5,122,976, in the USPTO. Crystal Visions and EC Grow have adverse legal interests. EC Grow has made clear to Crystal Visions that EC Grow believes that Crystal Visions use of its LIGHTNING PREMIUM ICE MELTER® mark infringes EC Grow's LIGHTNING FAST trademark due to a likelihood of confusion. The dispute between Crystal Visions and EC Grow is substantial, definite and immediate, and not hypothetical.

56. A declaratory judgment should be entered in favor of Crystal Visions, declaring that Crystal Visions use of its LIGHTNING PREMIUM ICE MELTER® mark cannot infringe upon EC Grow's alleged rights in its LIGHTNING FAST trademark in connection with anti-freezing and de-icing preparation products and related goods and services as a matter of law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

A. That this Court declare that Crystal Visions's use of the LIGHTNING PREMIUM ICE MELTER® mark does not infringe EC Grow's LIGHTNING FAST trademark;

B. That this Court declare that Crystal Visions's LIGHTNING PREMIUM ICE MELTER® Registration (Reg. No. 5,122,976) is valid and may subsist on the Principal Register.

C. That the Court award such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: October 17, 2017　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　By: */s/ Bryan Paul. Sugar*
　　　　　　　　　　　　　　　　Bryan Paul Sugar, Bar No. 6276016IL
　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP
　　　　　　　　　　　　　　　　550 West Adams, Suite 300
　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　Bryan.Sugar@lewisbrisbois.com
　　　　　　　　　　　　　　　　312-463-3473 x1673

　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

4852-6469-6401.2